IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

GRANT E. PICKER                           )
and PATRICIA A. PICKER,                    )
                                          )
            Plaintiffs,                    )    TC-MD 160268N
                                          )
      v.                                   )
                                          )
DEPARTMENT OF REVENUE,                     )
State of Oregon,                           )
                                          )    **ORDER DENYING**
                                          )    **PLAINTIFFS' MOTION**
            Defendant.                     )    **FOR SUMMARY JUDGMENT**

      This matter came before the court on Plaintiffs' motion to dismiss, filed July 2, 2020.

The court construes Plaintiffs' motion to dismiss as a motion for summary judgment granting

relief in their favor.  Defendant filed its opposition on June 29, 2020.[1]

A.    *Background*

      Plaintiffs challenge Defendant's Notice of Assessment for the 2013 tax year, dated May

3, 2016.  The Notice of Assessment was based upon Defendant's Notice of Deficiency, dated

March 17, 2016, disallowing Plaintiffs' business expenses claimed on their Schedules A and C

because Plaintiffs "failed to provide any support" for the expenses.  (Compl at 8-9.)  On March

31, 2017, Defendant sent Plaintiffs a letter stating that it "[had] a reason to believe that

[Plaintiffs] had been audited by the IRS" for the 2013 tax year and requesting additional

information based on the IRS adjustments.[2]  Defendant further stated that it was "willing to

---

[1] The file dates reflect the date that the court received the document.  Plaintiffs dated their motion June 18, 2020, though the court did not receive it until July 2, 2020.  Defendant's response was dated June 26, 2020.

[2] Specifically, Defendant requested "IRS form 4549, Income Tax Examination Changes, and form 886-A, Explanation of Items."  (Def's Ltr, Mar 31, 2017.)  Plaintiffs produced those forms in response to Defendant's request but maintained that they were issued in error because they, along with the Notice of Deficiency, were sent by the IRS to the wrong address.  (Ptfs' Resp to Mot to Compel, May 11, 2017.)

adjust [Plaintiffs'] 2013 tax deficiency based on the IRS exam." (*Id.*) Upon request of the parties, the court held this matter in abeyance pending the outcome of the IRS audit reconsideration. (Or of Abey, May 15, 2017.)

In November 2019, the United States Tax Court dismissed Plaintiffs' federal case for lack of jurisdiction because the Commissioner of Internal Revenue had failed to mail its notice of deficiency to Plaintiffs' last known address, thus the notice was invalid. (Ptfs' Ltr at 2, Dec 12, 2019.) The court reactivated this case and held a case management conference with the parties on March 6, 2020. Plaintiffs maintain that Defendant should cancel its Notice of Assessment for the 2013 tax year based on the cancellation of the federal notice of deficiency. Defendant stated that it would not cancel its Notice of Assessment for the 2013 tax year because it was based on Defendant's independent[3] adjustments to Plaintiffs' return and because Plaintiffs' federal appeal did not reach the merits of the federal adjustments. Defendant requested documentation from Plaintiffs to support the items adjusted for the 2013 tax year.

B.      *Plaintiffs' Motion*

Plaintiffs acknowledge the Notice of Assessment issued May 3, 2016, but maintain that it "expired" on April 30, 2019, based on an extension agreement signed by the parties in October 2018. (Ptfs' Mot at 1; Reply, Jul 20, 2020.) Plaintiffs attached a copy of the agreement, a form entitled "Agreement Extending Period of Limitation for Assessment" for the 2013 and 2014 tax years, setting a "date extension expiration" of April 30, 2019. (Ptfs' Mot at 2.) Plaintiffs argue that, because there was no assessment made by that date, their "Return must go back to Correct as filed as did the IRS dismissal." (*Id.* at 1.) Plaintiffs cite ORS 314.410. (*Id.* at 4-7.)

---

[3] Defendant maintains that it had opened a review of Plaintiffs' 2013 return independent of the IRS audit and, indeed, was unaware of the IRS audit at the time Defendant issued its Notice of Deficiency.

Defendant responds that no notice of assessment was ever issued under the agreement referenced by Plaintiffs. (Def's Resp at 1, Jun 29, 2020.) Defendant further maintains that the Notice of Assessment issued May 3, 2016, was valid and should be upheld. (*Id.*)

C.      *Analysis*

The issue presented to the court is not precisely defined, but concerns the validity of the Notice of Assessment, issued May 3, 2016, for the 2013 tax year in light of a subsequent extension agreement signed by the parties in October 2018. Plaintiffs bear the burden of proof and must establish their case by a preponderance of the evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Rev.*, 4 OTR 302, 312 (1971).

In support of their motion, Plaintiffs cite ORS 314.410, which sets forth time limits in which Defendant may give notice of deficiency. ORS 314.410(1) provides the general rule: "At any time within three years after the return was filed, the Department of Revenue may give notice of deficiency as prescribed in ORS 305.265."[4] The parties did not identify the date that Plaintiffs filed their 2013 return. Assuming Plaintiffs' 2013 return was timely filed without any extensions, it would have been filed at some time after the close of the 2013 calendar year and on or before April 15, 2014. *See* ORS 314.385(1)(a) (requiring personal income tax returns to be filed "on or before the due date of the corresponding federal return for the tax year as prescribed under the Internal Revenue Code and the regulations adopted pursuant thereto * * *"); IRC § 6072(a) (setting a general deadline of April 15 following the close of the calendar year for returns made on that basis). Defendant sent its Notice of Deficiency to Plaintiffs on March 17, 2016, well within three years of the earliest date on which Plaintiffs might have filed their 2013

---

[4] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

return. *See* ORS 314.410(1). The deficiency was assessed on May 3, 2016, well within one year of the notice of deficiency. ORS 314.410(5); *see also* ORS 305.265(7). Both the Notice of Deficiency and the Notice of Assessment appear to be timely under the relevant statutes and Plaintiffs have not presented any evidence to the contrary.

Plaintiffs argue that the extension agreement they signed with Defendant in October 2018 invalidated the Notice of Assessment. The purpose of the extension agreement is unclear. Plaintiffs cite no legal authority supporting their claim that the extension agreement invalidated the prior Notice of Assessment and the court is aware of none. The agreement itself does not purport to invalidate or cancel the existing assessment. "[I]n most cases the written terms of the contract or agreement dictate the obligations and expectations of the parties." *Mann Const. Co., Inc. v. Dept. of Rev.*, TC-MD 001005D, 2001 WL 938974 at *3 (Or Tax M Div July 23, 2001) (declining to read additional terms into an agreement between taxpayer and the department where those terms did not appear in the agreement). Here, Defendant was willing to adjust the existing Notice of Assessment based on the IRS results. There is nothing in either the agreement or Defendant's conduct that would reasonably indicate that the prior assessment was canceled. The court finds that the Notice of Assessment, issued May 3, 2016, for the 2013 tax year was valid and is not impacted by the parties' subsequent extension agreement.

D.      *Conclusion*

Upon careful consideration, the court concludes that Plaintiffs' motion for summary judgment must be denied. If Plaintiffs wish to continue with this appeal, they must respond to Defendant's Request for Production of Documents, filed March 11, 2020. Within 30 days from the date of this Order, Plaintiffs must notify the court and Defendant in writing whether they

/ / /

intend to produce the requested documents and by what date.  Plaintiffs' failure to respond may result in dismissal of this appeal for lack of prosecution.  Now, therefore,

IT IS ORDERED that Plaintiffs' motion for summary judgment is denied.

IT IS FURTHER ORDERED that, within 30 days from the date of this Order, Plaintiffs must notify the court and Defendant, in writing, whether they intend to produce documents in response to Defendant's Request for Production of Documents and by what date they will produce the requested documents.

Dated this ___ day of September 2020.

_____
ALLISON R. BOOMER
PRESIDING MAGISTRATE


*This interim order may not be appealed.  Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved.  ORS 305.501.*

*This document was signed by Presiding Magistrate Allison R. Boomer and entered on September 30, 2020.*